AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

United States of America
v.
Carlos Enrique Torres and
Ruben Guevarra,

Defendant(s)

Case No. 21-6151-Hunt

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of January 2021 through March 15, 2021, in the county of _____ in the
Southern District of Florida, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. §§ 846, 841(b)(1)(B) | Conspiracy to possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine |
| 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B), and 18 U.S.C. § 2 | Possession with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine |

This criminal complaint is based on these facts:

See attached Affidavit.

☑ Continued on the attached sheet.

_____
Complainant's signature

Joshua Bassman, DEA Task Force Officer
Printed name and title

Sworn to and subscribed before me telephonically
this ___ day of March, 2021.

_____
Judge's signature

City and state: Fort Lauderdale, Florida    Patrick M. Hunt, United States Magistrate Judge
Printed name and title

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Joshua Passman, having been first duly sworn, do hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I am a Task Force Officer with the Drug Enforcement Administration (DEA), assigned to the Miami Field Division. As such, I am an investigative or law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in Title 18, United States Code, Section 2516(1). I have been a sworn law enforcement officer since October 2003. In December 2009, I was assigned to the Broward Sheriff's Office, Strategic Investigations Division, which is part of the High Intensity Drug Trafficking Area (HIDTA) program. In January 2015, I was assigned to the DEA. I have received specialized training in the means and methods used by narcotics traffickers to import and distribute narcotics, drug smuggling methods, and the concealment and laundering of proceeds from illicit drug trafficking activities. I have personally conducted and participated in investigations concerning the possession, manufacture, distribution, and importation of controlled substances, as well as methods used to finance drug transactions and launder drug proceeds. During the course of these investigations, I have participated in search warrant executions and have debriefed or participated in debriefings of defendants, informants, and witnesses who had personal knowledge regarding major narcotics trafficking organizations. The aforementioned investigations resulted in the arrest and prosecution of numerous individuals for narcotics violations and other violations under Titles 18 and 21 of the United States Code.

2. I make this Affidavit in support of a criminal complaint charging Carlos Enrique Torres and Ruben Guevarra with violations of Title 21, United States Code, Section 846

(conspiracy to distribute a controlled substance), and Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2 (possession with intent to distribute a controlled substance).

3.  This Affidavit is based upon my personal knowledge of the events set forth herein, as well as information provided to me by other law enforcement personnel and other sources of information. Because this Affidavit is being submitted for the limited purpose of securing a warrant, I have not included every fact known to me or other law enforcement personnel concerning this investigation but have set forth only those facts necessary to establish probable cause.

## PROBABLE CAUSE

5.  In or around December 2020, law enforcement received information from a confidential source that Charles Schwartz was involved in the distribution of multi-kilogram quantities of cocaine.

6.  On or about March 14, 2021, law enforcement conducted surveillance on Schwartz in furtherance of the ongoing investigation. Agents observed Schwartz meeting with an individual later identified as Carlos Torres at Schwartz' residence, located in Pompano Beach, Florida. Subsequent to this observation, real-time location data of Schwartz' cellphone obtained pursuant to a state search warrant revealed that his cellphone was in the area of Torres' residence. Shortly after meeting with Torres, Schwartz made telephonic contact with a confidential source ("CS") advising that he (Schwartz) had a kilogram of cocaine to sell to the CS. The CS told Schwartz that he/she would be ready to conduct the deal the following morning.

7.  On or about March 15, 2021, at approximately 8:00 a.m., law enforcement conducted surveillance of Schwartz' residence. At approximately 9:15 a.m., the CS placed a controlled call to Schwartz, at which time Schwartz advised that he would be on his way to the

CS' residence, located in Hollywood, Florida. Shortly thereafter, agents observed Schwartz leave his residence and drive towards the CS' residence. When Schwartz arrived at the CS' residence, law enforcement converged on him and detained him. A narcotics detection canine subsequently gave a positive alert to Schwartz' vehicle. A search of the vehicle revealed approximately one (1) kilogram of cocaine. During a post-<u>Miranda</u> interview, Schwartz advised that Torres supplied him with the kilogram of cocaine that law enforcement seized from his vehicle when he was at the Target Premises during the previous night (March 14, 2021). Schwartz estimated having conducted between approximately five and ten deals for kilograms of cocaine at the Target Premises within a couple months. Schwartz stated that, during each deal, Torres' source of supply would also be at the Target Premises to receive the money. Schwartz gave a detailed description of Torres' source of supply and identified the source of supply's vehicles as a black Chevrolet Tahoe and a black Dodge Charger. Furthermore, Schwartz advised that he had already arranged a deal with Torres for later in the evening for an additional kilogram of cocaine.

      8.     At approximately 12:48 p.m., Schwartz placed a controlled call to Torres. During this call, Schwartz asked Torres if they were good for later in the evening to which Torres answered in the affirmative. Schwartz told Torres that he might need an additional kilogram and asked Torres if he could get a better price for purchasing two. Torres advised he would call his source of supply and call him back.

      9.     At approximately 12:54 p.m., Torres called Schwartz back and stated that his source of supply would most likely not be able to bring the price down but would be available after 5:30 p.m. Torres and Schwartz then discussed how much profit each of them would make off the kilogram quantities of cocaine.

10. At approximately 5:40 p.m., Torres called Schwartz to advise that his source of supply would be at Torres' residence within the hour.

11. At approximately 6:32 p.m., Torres called Schwartz and advised that the source of supply was approximately fifteen (15) minutes away from the Target Premises.

12. At approximately 6:55 p.m., agents observed a black Chevrolet Tahoe matching the description given by Schwartz arrive at the Target Premises. Law enforcement initiated a traffic stop on the Chevrolet Tahoe and detained the driver and sole occupant of the vehicle, Ruben Guevarra. Law enforcement deployed a narcotics detection canine, which gave a positive alert for the presence of narcotics in the Tahoe. Additionally, Schwartz positively identified Guevarra as the person he knew to be Torres' source of supply. A search of the vehicle revealed two (2) kilograms of cocaine concealed in a compartment in the trunk of the vehicle. The kilograms field-tested positive for the presence of cocaine.

13. Simultaneous to the stop on Guevarra, agents asked Torres to exit his residence. After Torres complied, law enforcement took him into custody. A search of Torres' person revealed that he was in possession of one of the cell phones to which Schwartz made the controlled calls. When your affiant asked Torres if he had another telephone, Torres advised that it was inside of Torres' residence. Torres declined to give consent for a search of his residence. Neither Torres nor Guevarra provided a statement.

14. The Honorable Patrick M. Hunt, United States Magistrate Judge of the Southern District of Florida, authorized the search of Torres' residence (21-6146-HUNT). Law enforcement executed the search warrant and seized Torres' other cellphone.

## CONCLUSION

Based on the information contained in this Affidavit, I respectfully submit that there is probable cause to believe that Carlos Enrique Torres and Ruben Guevara violated Title 21, United States Code, Section 846 (conspiracy to distribute a controlled substance), and Title 21, United States Code, Section 841(a)(I) and Title 18, United States Code, Section 2 (possession with intent to distribute a controlled substance).

**FURTHER YOUR AFFIANT SAYETH NAUGHT.**

Joshua Passman, Task Force Officer
Drug Enforcement Administration

Attested to by the applicant and in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone on this 16th day of March, 2021.

PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE